627 A.2d 194

Kenneth M. LEININGER and Cynthia L. Leininger,
His Wife and William Pflugh and Elizabeth
Pflugh, His Wife, Appellants,

v.

Louis TRAPIZONA and Irene M. Trapizona, His Wife, Richard
T. Trapizona and Louis John Trapizona, et al.

Township of Aleppo, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 24, 1993.

Filed July 2, 1993.

386

Robert J. Fall, Pittsburgh, for appellants.

John M. Studeny, Pittsburgh, for appellee Trapizona.

Vincent J. Restauri, Jr., Sewickley, for appellee Aleppo.

Before DEL SOLE, FORD ELLIOTT and CERCONE, JJ.

DEL SOLE, Judge.

This is an appeal from the order of the Court of Common Pleas of Allegheny County denying Appellants' request to enjoin Appellees and the local township from construction and use of a road which Appellants alleged had reverted back to them by operation of law. Because we find that the instant appeal falls within the exclusive jurisdiction of the Common-

wealth Court we hereby transfer this appeal to that court for disposition of the issues presented.

Appellants, Kenneth and Cynthia Leininger, and William and Elizabeth Pflugh, are the owners of several lots in a residential subdivision known as the McCoy Plan of Lots No. 3, located in Aleppo Township. The Pflughs acquired two lots (Numbers 11 and 12) in the plan in 1973. The Leiningers purchased their home at Lot Number 10 in 1986. An unnamed fifty foot road, not included in the property descriptions to Appellants' deeds, ran between Lot Number 10 to the north and Lots 11 and 12 to the south.

In March, 1990, Appellees Louis and Michael Trapizona acquired land abutting the west side of Appellants' lots in the McCoy Plan No. 3; they conveyed portions of this property to Appellee Richard Trapizona in October, 1990.

In April, 1990, Appellants were contacted by Chief of Police Richard Trapizona and Nicholas Veshio, the township supervisor of public works. Trapizona and Veshio informed Appellants that the road between their property was a public right of way, and that the Trapizonas intended to open it to gain access to the Trapizona property. Both Trapizona and Veshio were of the opinion that the road was a public right of way, and that therefore Appellants' consent was unnecessary. Appellants did express concern that the construction of the road meet township specifications; they were assured that such specifications would be met.

From the spring of 1990 through late February, 1991, the Trapizonas engaged in construction of the road. Appellants did not voice any objections to the construction until February, when they expressed their objection to the manner in which the road was being constructed; i.e., whether the height of the road was too great. That same month, Appellants learned from consultation with legal counsel that the representations by Chief Trapizona and Mr. Veshio were erroneous. By letter dated March 1, 1991, Appellants voiced their protest to the Trapizonas and the township regarding construction of the road.

After unsuccessful attempts among the parties to resolve the dispute, Appellants commenced an action in equity on March 18, 1991, seeking to enjoin the Trapizonas from constructing and using the road. In their complaint, Appellants also included a count in trespass, alleging monetary damages for diminished value in their parcels of real estate as a result of the Trapizona's construction work. On April 2, 1991, Appellants filed a petition seeking to preliminarily enjoin the Trapizonas from further construction and use of the road. By consent order of that same date, the Trapizonas were enjoined from further use of the road pending conciliation. Hearings for the injunction were held during May, 1991, and after further pleadings, discovery, and a conciliation, the case was assigned to a chancellor.

Following the December 18, 1991 hearing before the chancellor, a decree nisi was issued on January 21, 1992, denying Appellants' request for injunctive relief and enjoining them from interfering with the construction and use of the road. The court also found in favor of the Trapizonas on Appellants' claim for damages to their property. On January 31, 1992, Appellants filed a motion for post-trial relief, which was denied by order dated August 27, 1992. This appeal followed.

Appellants argue that since more than twenty-one years have elapsed since the road was opened for public use, any public right of way has been extinguished, pursuant to 53 P.S. § 46724, and title to the road has reverted to them. They also claim that the lower court's finding that they consented to the opening of the road is contrary to law and against the weight of the evidence. Finally, Appellants allege that equity requires that the Trapizonas be permanently enjoined from use of the road and be required to restored the disturbed areas to their pre-construction state.

Appellants have also joined the Township of Aleppo in their suit, alleging that they were told by two Township employees that the road was a public right of way and that therefore, the Trapizonas had the right to open the road and develop it. The Township has responded that Appellants were not entitled to rely on the opinion of the Township employees without con-

ducting an independent investigation of the facts, particularly when one of the employees was an interested party (Chief Trapizona) and neither of the employees were reliable sources regarding real estate law.

▇▇▇ Although neither party has raised the issue, it is well settled that this court may *sua sponte* raise a question as to our jurisdiction in a particular case. *See Karpe v. Borough of Stroudsburg*, 290 Pa.Super. 559, 434 A.2d 1292 (1981); 42 Pa.C.S. § 705. By statute, this court is granted appellate jurisdiction from final orders of the courts of common pleas, except when jurisdiction is vested in the Supreme Court or the Commonwealth Court. 42 Pa.C.S. § 742. The appellate jurisdiction of the Commonwealth Court from final orders of the common pleas courts is limited by statute to certain defined classes of subject matter. 42 Pa.C.S. § 762. One such defined area is set forth in 42 Pa.C.S. § 762(a)(4)(i)(A):

(a) *General rule.*—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(4) Local government civil and criminal matters.

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity; . . .

▇▇▇ In the instant case, Appellants have alleged that 53 P.S. § 46724 governs their entitlement to relief. The statute provides:

*Effect of failure to open street after its laying out*

. . . Whenever any street shall have been laid out and shall not have been opened to, or used by the public for a period

of twenty-one years, such street shall not thereafter be opened without the consent of at least fifty-one percent of the number of owners of the abutting real estate and without the consent of the owners of at least fifty-one percent of the property abutting such street, based on a front foot basis.

The trial court has indicated, however, that the instant matter is instead governed by 36 P.S. § 1961, which provides:

*Unopened ways or streets on town plots*

Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, or used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out.

We agree that 36 P.S. § 1961 is controlling in the instant matter, and hold that because the instant matter involves the interpretation of statute pertaining to public roads in general, the subject matter jurisdiction of this appeal lies within the exclusive jurisdiction of the Commonwealth Court. Accordingly, we transfer this appeal and the accompanying record to the Commonwealth Court.

Appeal transferred.