19 A.3d 1047

**David D. RICHARDSON, Appellant**

**v.**

**Teena A. PETERS, Clerk of Courts, Court of Common Pleas, Chester County, Pennsylvania; and John Wetzel, Secretary, Commonwealth of Pennsylvania, Department of Corrections, Appellees.**

Supreme Court of Pennsylvania.

April 28, 2011.

## ORDER

PER CURIAM.

**AND NOW,** this 28th day of April, 2011, the Order of the Commonwealth Court is affirmed in part and reversed in part. We affirm the Order below insofar as the Commonwealth Court sustained the preliminary objections of the Department of Corrections and dismissed the Secretary of the Department of Corrections from the case.

The Commonwealth Court further concluded that the only unresolved claims in the case were those against Teena A. Peters, the Clerk of Courts of the Court of Common Pleas of Chester County. The Commonwealth Court reasoned that it no longer had original jurisdiction over that aspect of the case because "[t]he clerk of a court of common pleas is not a Commonwealth officer." *See* Commonwealth Court Opinion dated October 14, 2010 at 4. Thus, the Commonwealth Court transferred the remaining claims, including a pending motion for default judgment, to the Chester County Court of Common Pleas.

In reaching this conclusion, the Commonwealth Court cited 42 Pa.C.S. § 761, which addresses the bases for the Commonwealth Court's original jurisdiction. Section 761(a)(1) provides in pertinent part that: "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: . . . (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity. . . ." 42 Pa.C.S. § 761(a)(1). The Commonwealth Court's conclusion conflicts with *In re Administrative Order No. 1–MD–2003*, 594 Pa. 346, 936 A.2d 1, 7 (2007). In that case, this Court considered the provisions of 42 Pa.C.S. § 762, which sets forth the bases for

the Commonwealth Court's jurisdiction over appeals from the courts of common pleas. Section 762 states in pertinent part that the Commonwealth Court has exclusive jurisdiction of appeals from final orders of trial courts in "[a]ll civil actions or proceedings: ... (ii) By the Commonwealth government, including any officer thereof acting in his official capacity." 42 Pa.C.S. § 762(a)(1)(ii). We concluded that the Clerk of Courts of the Court of Common Pleas of Berks County "is considered to be the Commonwealth government as a Commonwealth officer" and thus the Commonwealth Court had jurisdiction to hear an appeal brought by the Clerk of Courts from a trial court order. 936 A.2d at 7 (citing 42 Pa.C.S. § 102 (defining "Commonwealth government") and PA. CONST. Sched. art. V, § 15 (designating the clerk of courts as an officer of the court or common pleas)).

Both Section 761 and Section 762 address claims involving "the Commonwealth government, including any officer thereof, acting in his official capacity...." This Court's rationale in *In re Administrative Order No. 1–MD–2003* for designating a clerk of courts as a Commonwealth officer for purposes of Section 762 logically applies equally to Section 761. Accordingly, the Order of the Commonwealth Court is reversed to the extent that it transferred the remaining claims to the Chester County Court of Common Pleas on the basis that the Clerk of Courts of Chester County was the sole respondent; that a clerk of a court of common pleas is not a "Commonwealth officer"; and that the Commonwealth Court lacked original jurisdiction pursuant to 42 Pa.C.S. § 761.

Affirmed in part, reversed in part and remanded for proceedings consistent with this Order. Jurisdiction is relinquished.