J-S28009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH C. FEGLEY, | |
| Appellant | No. 1397 MDA 2014 |

Appeal from the Order Dated July 30, 2014
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CR-0420-1977

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 15, 2015**

Ralph C. Fegley appeals from the July 30, 2014 order denying his "Motion to Compel" and "Motion for Conflict."  We affirm.

On January 24, 1986, a Northumberland County jury found Appellant guilty of the first-degree murder of his wife after he shot her five times with a shotgun.  The court sentenced Appellant to life imprisonment without parole on February 6, 1987.  The murder occurred in 1977.  Appellant walked into a police station following the killing and admitted to the crime. Appellant initially pleaded guilty but withdrew his plea.  Thereafter, he requested a change of venue, which was granted, and he was found guilty by a jury in Luzerne County in 1978.  During post-conviction review, under the Post-Conviction Hearing Act ("PCHA"), Appellant was awarded a new trial.  As noted, a subsequent jury found Appellant guilty of killing his wife.

This Court affirmed on direct appeal, **Commonwealth v. Fegley**, 544 A.2d 1040 (Pa.Super. 1988) (unpublished memorandum), and Appellant did not timely seek review with our Supreme Court.

Appellant subsequently filed a PCHA petition alleging that appellate counsel was ineffective in failing to request allowance of appeal. The PCHA court denied that petition. This Court affirmed. **Commonwealth v. Fegley**, 598 A.2d 1327 (Pa.Super. 1991) (unpublished memorandum). Appellant again sought post-conviction relief, this time under the Post-Conviction Relief Act ("PCRA"). The PCRA court dismissed his petition, and this Court upheld that decision. **Commonwealth v. Fegley**, 627 A.2d 201 (Pa.Super. 1993). Appellant filed a third collateral petition on March 15, 1994. The PCRA court denied the petition that same date. Appellant did not appeal.

This matter arose when Appellant filed a self-styled "Motion to Compel" on July 8, 2014 at his criminal docket number. In that motion, Appellant alleged that the Clerk of Courts refused to supply him with a certification of the nonexistence of an affidavit of probable cause for his arrest. The trial court issued a rule to show cause on July 10, 2014. The Clerk of Courts filed a reply and answer on July 29, 2014. That same date, Appellant filed a "motion for conflict" wherein he asked that this matter be transferred to federal court.

According to Appellant, the district attorney of Northumberland County had previously represented him in PCRA proceedings; therefore, a conflict of interest existed in having the case heard before the Northumberland County Court of Common Pleas.[1]  The trial court dismissed both Appellant's motion to compel and motion for conflict.  This timely appeal ensued.  The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant complied, and the trial court issued a Rule 1925(a) order.  The matter is now ready for this Court's review.  Appellant presents five issues for our consideration:

1. Did the trial court error [sic] in denying this Appellant's motion to compel the Clerk of Court to issue a certified statement concerning the demand presented to this Clerk of Court?.[sic]

2. Did the Clerk of Court deny this Appellant his constitutional right to access to the court, by outright refusing to issue a certified statement concerning the demand presented to the Clerk of Court?.[sic]

3. Is there intentional prejudice and irreparable harm present if this Appellant is not granted relief?.[sic]

4. Is there a direct conflict present by the Office of Attorney General representing the Northumberland County Clerk of Court, wherein, this Appellant is only challenging the denial of the Clerk of Court in the responsibilities mandated under statute?.[sic]

---

[1] The Attorney General's Office is representing the Commonwealth in this matter.

5. Has this Appellant submitted critical information and evidence that warrant the transfer of this Appellant's entire file to the jurisdiction of the federal forum, whereas, the direct conflicts present, deny this Appellant a fair and unbias [sic] ruling in what is and will be presented to the courts for a review of the entirety of the case?.[sic]

Appellant's brief at V.

Although Appellant purports to raise five issues, his brief contains only two separate argument sections. Aside from a citation to 42 Pa.C.S. § 2757, defining the duties of a Clerk of Court, Appellant provides no citation to authority in his initial argument. He baldly asserts that the Northumberland Clerk of Court was required to prepare a certification that no affidavit of probable cause existed in his criminal case file.

He further maintains, for the first time, that the Office of Attorney General is improperly acting as an appellee in this case and that the proper appellee is the solicitor for the office of the Clerk of Court. According to Appellant, the Northumberland County Clerk of Court has denied him access to unspecified records and a certification of the non-existence of a record.[2]

The Commonwealth responds that the sole issue preserved for appeal is Appellant's initial claim. It adds that Appellant erroneously filed a motion

_____

[2] According to Appellant, the Clerk of Court responded to his request for a copy of his criminal complaint, an affidavit of probable cause for his arrest, and printout of the docket entries in his criminal case by informing him that no affidavit of probable cause for arrest was filed.

to compel where the proper action would have been a writ of mandamus. Appellant himself in his own brief acknowledges that this "appeal is in the Nature of a Petition for Writ of Mandamus[.]" Appellant's brief at 5. The Commonwealth maintains that Appellant improperly filed a motion in his criminal case instead of a separate writ of mandamus. In addition, the Commonwealth submits that there is no statutory authority requiring a Clerk of Court to certify the non-existence of a record.

Preliminarily, we note that a Clerk of Court is a public official, Pa.Const. Art. 9, § 4; *see also Richardson v. Peters*, 19 A.3d 1047, 1048 (Pa. 2011), and the acts of a Clerk of Court are ministerial. *Commonwealth v. Williams*, 106 A.3d 583, 588 (Pa. 2014). In order to compel a public official to perform an official mandatory act or duty, the proper action is a writ of mandamus. *Brown v. Levy*, 73 A.3d 514, 516 n.2 (Pa. 2013) ("mandamus will lie to compel action by an official where his refusal to act in the requested way stems from his erroneous interpretation of the law."); *Commonwealth Department of Health v. Hanes*, 78 A.3d 676, 685 n. 19 (Pa.Cmwlth. 2013) ("When the petitioner seeks the official performance of a ministerial act or mandatory duty, the petitioner properly sounds in mandamus."). Mandamus does not lie where the public official's act or duty requires the exercise of judgment, *i.e.*, is discretionary. *See Levy*, *supra*.

The writ, however, when involving a Commonwealth government official acting in his official capacity, must ordinarily be filed with the Commonwealth Court. 42 Pa.C.S. § 761(a)(1) ("The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity[.]"); *cf. Peters*, *supra*; *see also Humphrey v. Department of Corrections*, 939 A.2d 987, 991 (Pa.Cmwlth. 2007), *aff'd in part, appeal denied in part,* 955 A.2d 348 (Pa. 2008); *compare Commonwealth v. LeBar*, 860 A.2d 1105 (Pa.Super. 2004) (court of common pleas had jurisdiction over motion to compel against Clerk of Court and Department of Corrections).

Of course, where a party erroneously files a legal document with the wrong court, that court is required to transfer the matter to the proper court. *See* 42 Pa.C.S. § 5103;[3] Pa.R.A.P. 751. In this case, Appellant did

_____

[3] 42 Pa.C.S. § 5103 provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A

*(Footnote Continued Next Page)*

not file a writ of mandamus with the court of common pleas, thereby triggering the transfer requirement. We acknowledge that the title of a motion is not necessarily dispositive. However, in **LeBar**, **supra**, this Court considered an appeal from a motion to compel a Clerk of Court and the Department of Corrections to return money to LeBar because he was not ordered to pay fines and costs. We did not conclude that the court of common pleas did not have jurisdiction and should have considered the matter as a writ of mandamus and then transferred the case. Instead, we reached the merits and determined that the Clerk of Court and DOC had violated governing statutory law by taking $406. Accordingly, we ordered the return of that money. In light of **LeBar**, we decline to hold that the court of common pleas lacked jurisdiction to consider the motion to compel. Further, there is no obligation on the part of a Clerk of Court to certify the non-existence of a record; indeed, such a rule would be nonsensical since

*(Footnote Continued)* ─────────

matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

items *dehors* the record are not considered to exist for purposes of litigation. Thus, the court did not err in dismissing the motion.

With respect to Appellant's second argument, since he did not cite to any legal authority, it fails. Appellant's position is that because the district attorney represented him during earlier proceedings in this case and a senior judge in Northumberland County prosecuted him, the matter should have been transferred to the federal courts. Initially, no conflict exists because neither individual with an alleged conflict was involved in the underlying litigation in this appeal. Moreover, Appellant provides no indication under what authority a federal court would have jurisdiction in this case. Where a conflict of interest does exist, the proper remedy is not a transfer to federal court, but to remove the conflict. Since there is no conflict, Appellant's claim is baseless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015

- 8 -