J-S29013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALLEN DISE | : | |
| | : | |
| Appellant | | No. 1270 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0004174-1993

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALAN DISE | : | |
| | : | |
| Appellant | : | No. 1271 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0000993-1995

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD A. DISE | : | |
| | : | |
| Appellant | : | No. 1272 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0001685-1999

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALAN DISE | : | |
| | : | |
| Appellant | : | No. 1273 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0005085-2009

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALEN DISE | : | |
| | : | |
| Appellant | : | No. 1274 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0002446-2010

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALAN DISE | : | |
| | : | |
| Appellant | : | No. 1275 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0005159-2010

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALAN DISE | : | |
| | : | |
| Appellant | : | No. 1276 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0008010-2013

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALAN DISE | : | |
| | : | |
| Appellant | : | No. 1277 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division CP-67-CR-0001107-2013

| | | |
|---|---|---|
| YORK COUNTY CLERK OF COURTS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALAN DISE | : | |
| | : | |
| Appellant | : | No. 1278 MDA 2022 |

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0006290-2015

YORK COUNTY CLERK OF COURTS     :     IN THE SUPERIOR COURT OF
    :             PENNSYLVANIA
    :
           v.     :
    :
    :
    :
TODD ALAN DISE     :
    :
             Appellant     :     No. 1279 MDA 2022

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0004850-2016

YORK COUNTY CLERK OF COURTS     :     IN THE SUPERIOR COURT OF
    :             PENNSYLVANIA
    :
    :
           v.     :
    :
    :
    :
TODD ALAN DISE     :
    :
             Appellant     :     No. 1280 MDA 2022

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0003255-2021

YORK COUNTY CLERK OF COURTS     :     IN THE SUPERIOR COURT OF
    :             PENNSYLVANIA
    :
    :
           v.     :
    :
    :
    :
TODD ALAN DISE     :
    :
             Appellant     :     No. 1281 MDA 2022

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0003995-2021

J-S29013-23

YORK COUNTY CLERK OF COURTS    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
v.    :
    :
    :
TODD ALAN DISE    :
    :
Appellant    :    No. 1282 MDA 2022

Appeal from the Order Entered August 10, 2022
In the Court of Common Pleas of York County
Criminal Division at CP-67-CR-0004893-2021

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:          **NOVEMBER 13, 2023**

Todd Allen Dise, a/k/a Todd Alan Dise, a/k/a Todd A. Dise, a/k/a Todd Alen Dise (Appellant), appeals from the order granting the York County Clerk of Courts' motion to apply restitution received by Appellant to costs and fines owed by Appellant. After careful consideration, we transfer this appeal to Commonwealth Court.

*TRIAL COURT PROCEEDINGS*

The trial court summarized the following procedural history:

> On June 30, 2022, the Office of the York County Clerk of Courts (hereinafter referred to as "Clerk's Office") filed a Motion to Apply Restitution to [Appellant]'s Case. In that Motion, the Clerk's Office set forth that [Appellant] is entitled to receive restitution in case CP-67-CR-0007527-2014; however, in light of the cumulative amount [Appellant] owes in cases CP-67-CR-0004174-1993, CP-67-CR-0000993-1995, CP-67-CR-0001685-1999, CP-67-CR0005085-2009, CP-67-CR-0002446-2010, CP-

---

[*] Retired Senior Judge assigned to the Superior Court.

- 5 -

67-CR-0005159-2010, CP-67-CR-1107-2013, CP-67-CR-0008010-2013, CP-67-CR-0006290-2015, CP-67-CR-0004850-2016, CP-67-CR-0003255-2021, CP-67-CR-0003995-2021, and CP-67-CR-0004893-2021, totaling Nineteen Thousand Three Hundred Fifteen Dollars and Forty-One Cents ($19,315.41), the Clerk of Courts requested to apply any amount [Appellant] received to the amount owed. A hearing was held on August 10, 2022.

***

[At the August 10, 2022 hearing, Appellant] averred that he had paid "Ten Thousand Dollars ($10,000) towards the collective amount" [Appellant owed]; however, the [trial c]ourt noted [Appellant paid this amount] over a period of thirty (30) years. Th[e trial c]ourt heard argument and ruled the Nine Hundred Eighty-Five Dollars ($985.00) owed to [Appellant] in restitution, on case CP-67-CR-0007527-2014, shall be applied to the costs and fines owed in [Appellant's] cases "primarily to make up for what he didn't pay in 2021."

On September 9, 2022, [Appellant] filed a timely Notice of Appeal to the Superior Court.

Trial Court Opinion, 12/1/22, at 2-3 (citations to notes of testimony omitted).

*SUPERIOR COURT PROCEEDINGS*

In his notices of appeal,[1] Appellant listed the Commonwealth, represented by the York County District Attorney's Office (DA), as Appellee. Notably, Appellant's counsel (Counsel) certified in the "PROOF OF SERVICE" that Counsel had served the DA (as well as the trial court). *See* Notices of

---

[1] Appellant complied the Pennsylvania Supreme Court's directive in ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018) (holding "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). On September 28, 2022, this Court consolidated the appeals *sua sponte*.

Appeal, 9/9/22, at 2 (unnumbered). Counsel did not serve the York County Clerk of Courts. *See id.* When Counsel completed the section of Appellant's Superior Court Docketing Statement, which requested "CASE IDENTIFICATION" and "Type of Order", Counsel checked "Other" (as opposed to the other options of "Judgment of Sentence" or "PCRA"). *See* Superior Court Docketing Statement, 9/27/22, at 1 (unnumbered).

On May 19, 2023, the DA filed a "Motion to Substitute Parties and Withdraw Appearance" with this Court. The DA averred:

> The proceedings giving rise to this appeal involved the Clerk of Courts' motion filed by their solicitor, Stephen McDonald of the CGA law firm that restitution owed to [Appellant] be used to pay his outstanding court costs. (Appendix 1 [Motion to Apply Restitution])

> The District Attorney's Office was not involved in filing this motion.

> The District Attorney's Office was also not present at the hearing where the trial court addressed the motion by the clerk of courts. (Appendix 2 [Order])

> **The proper party to address this appeal as appellee, is the movant**:

> Stephen R. McDonald Esq.
> CGA Law Firm
> 135 N. George Street
> York, PA 17401
> Telephone: 717- 848- 4900
> Fax: 717- 843- 9039
> smcdonald@cgalaw.com
> ID#310319,

> The York County District Attorney's Office was not an active party to these cost recovery proceedings.

Application for Relief, 5/19/23, at 1-2 (paragraph numbers omitted, emphasis added). The DA thus requested "the York County District Attorney's Office be removed as counsel from this case, and the actual movant in this case be substituted." *Id.* at 2.

On May 26, 2023, this Court granted the DA's motion and entered a *per curiam* order granting the DA's request to withdraw appearance. We also directed our Prothonotary "to amend the docket to reflect that the Appellee is the York County Clerk of Courts" and "reestablish a briefing schedule for the Appellee." Order, 5/26/23. Thereafter, the appeal was assigned to this 3-judge panel. On September 8, 2023, we entered an order providing for a "new Appellee briefing schedule," and directed service upon "the York County Clerk of Courts **and** Attorney McDonald." Order 9/8/23 (emphasis in original). The new briefing schedule extended the due date for Appellee's brief to October 10, 2023.[2]

### JURISDICTION

Due to Appellant's failure to properly identify the York County Clerk of Courts as Appellee, this Court was unaware of a jurisdictional conflict. However, upon further review, we are compelled to address the issue. *See*

---

[2] The York County Clerk of Courts has not filed a timely appellee brief.

*Leininger v. Trapizona*, 627 A.2d 194, 196 (Pa. Super. 1993) ("Although neither party has raised the issue, it is well settled that this Court may *sua sponte* raise a question as to our jurisdiction in a particular case." (citation omitted)).

The Judicial Code provides the Superior Court with "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas **except such classes of appeals** . . . **within the exclusive jurisdiction of the** . . . **Commonwealth Court**." 42 Pa.C.S.A. § 742 (emphasis added).

In contrast, the Commonwealth Court is vested with

> exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:
>
> **(1) Commonwealth civil cases. —** All civil actions or proceedings:
>
> ….
>
> **(ii)** By the Commonwealth government, including any officer thereof acting in his official capacity.

*Id.* § 762(a)(1)(ii).

The Commonwealth Court has explained,[3]

> the General Assembly has defined the "Commonwealth government" in the Judicial Code to include "the courts and other officers or agencies of the unified judicial system," 42 Pa.C.S. § 102, and our appellate courts have relied on this definition in determining that original jurisdiction lies in [Commonwealth]

---

[3] While not binding, Commonwealth Court decisions may serve as persuasive authority. ***Commonwealth v. Bowers***, 185 A.3d 358, 362 n.4 (Pa. Super. 2018).

Court for civil actions filed against judges and officers of the courts of common pleas pursuant to Section 761(a)(1) of the Judicial Code. *See, e.g., Richardson v. Peters*, 610 Pa. 365, 19 A.3d 1047, 1047–48 (2011) (*per curiam*) (Clerk of Courts of the Court of Common Pleas of Chester County); *In re Domestic Relations Hearing Room*, 796 A.2d 407, 409–10 (Pa. Cmwlth. 2002) (*en banc*) (President Judge of the Court of Common Pleas of Northumberland County).

*Russo v. Allegheny Cnty.*, 125 A.3d 113, 116 (Pa. Cmwlth. 2015) (footnote omitted), *aff'd*, 150 A.3d 16 (Pa. 2016).

As stated above, the Pennsylvania Supreme Court "concluded that the Clerk of Courts of the Court of Common Pleas … 'is considered to be the Commonwealth government as a Commonwealth officer' and thus the Commonwealth Court had jurisdiction to hear an appeal brought by the Clerk of Courts from a trial court order." *Richardson v. Peters*, 19 A.3d 1047, 1048 (Pa. 2011) (citations omitted).

More recently, the Commonwealth Court explained:

Generally, individuals who are found guilty in criminal matters are liable for statutorily authorized costs, *regardless of whether those costs are formally imposed through court orders or simply by operation of law*. *See* 42 Pa. C.S. § 9721(c.1); *id.* § 9728(a)-(b) (allowing recovery of costs by authorized county agent, county correctional facility, county probation department, or Department of Corrections); *id.* § 9728(b.2).

Additionally, the Commonwealth Court has original jurisdiction to consider certain kinds of related disputes, where a petitioner does not challenge the *sentencing court's* decision to exact costs upon them, but rather contests subsequent *administrative* efforts to calculate, collect, or impose such costs. *See Guarrasi v. Cnty. of Bucks*, (Pa. Cmwlth. No. 176 M.D. 2018, filed Sept. 14, 2018), slip op. at 6-7, 2018 WL 4374280 at *3; *Saxberg v. Dep't of*

- 10 -

*Corr.*, 42 A.3d 1210, 1213 (Pa. Cmwlth. 2012); *Spotz v. Com.*, 972 A.2d 125, 134 (Pa. Cmwlth. 2009).

*McFalls v. 38th Jud. Dist.*, No. 4 M.D. 2021, 2021 WL 3700604, at *8 (Pa. Cmwlth. Aug. 6, 2021) (bold and italic emphasis in original, footnotes omitted).[4] *See also Fordyce v. Clerk of Courts*, 869 A.2d 1049 (Pa. Cmwlth. 2005) (reversing trial court's grant of Clerk of Courts' preliminary objections to appellant/inmate's petition challenging the imposition of costs of prosecution related to sheriff's costs in transporting inmate) (superseded by statute as explained in *McFalls*, *supra*).

Upon review and consistent with the above legal authority, we conclude that transfer of this appeal to Commonwealth Court is warranted.[5]

_____

[4] The Commonwealth Court's non-precedential decisions filed after January 15, 2008 may be cited as persuasive authority. *See* Pa.R.A.P. 126(b)(1)-(2).

[5] The parties' appellate rights are preserved pursuant to Pa.R.A.P. 751(a) (stating "the appeal . . . shall be treated as originally filed in transferee court on the date first filed in [this] court.").

Appeal transferred to Commonwealth Court. Superior Court jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/13/2023