J-S61040-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN SCAFIDE, | : | |
| | : | |
| Appellant | : | No. 1353 MDA 2014 |

Appeal from the Order Entered July 21, 2014,
in the Court of Common Pleas of Bradford County,
Criminal Division, at No.: CP-08-CR-0000124-2008

BEFORE:     PANELLA, WECHT, and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED NOVEMBER 20, 2015**

Steven Scafide (Appellant) appeals *pro se* from the July 21, 2014 order amending the lower court's sentencing order of June 19, 2008, to provide that Appellant pay the costs of prosecution.  Upon review, we vacate the July 21, 2014 order.

This case has a complex procedural history which need not be set forth in detail herein; thus, we provide only a brief summary of that which is relevant to this appeal.  A jury convicted Appellant of various offenses on May 20, 2008, and the trial court sentenced him to an aggregate term of 3 years and 3 months to 8 years of incarceration on June 19, 2008. Appellant's judgment of sentence eventually was vacated by this Court, and the matter was remanded for further proceedings.  ***Commonwealth v. Scafide***, 988 A.2d 729 (Pa. Super. 2009) (unpublished memorandum).  The

---

*Retired Senior Judge assigned to the Superior Court.

trial court reinstated Appellant's judgment of sentence on remand, and this Court affirmed on October 11, 2011. **Commonwealth v. Scafide**, 37 A.3d 1227 (Pa. Super. 2011) (unpublished memorandum).

On November 22, 2011, Appellant *pro se* timely filed a petition pursuant to the Post Conviction Relief Act (PCRA),[1] which eventually was denied without counsel ever having been appointed. On appeal, this Court vacated the order denying Appellant's PCRA petition and remanded the matter for a **Grazier**[2] hearing. **Commonwealth v. Scafide**, 82 A.3d 471 (Pa. Super. 2013) (unpublished memorandum). The PCRA court conducted the hearing and ultimately appointed counsel. On October 31, 2013, Appellant *pro se* filed another PCRA petition. On November 7, 2013, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

On July 21, 2014, the lower court, apparently acting *sua sponte*, issued an order providing that "the [c]ourt's sentencing order of June 19, 2008, is hereby corrected to provide that [Appellant] shall pay the costs of prosecution." Amended Order, July 21, 2014. Appellant *pro se* filed timely a notice of appeal from that order. The lower court then issued an order

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

directing Appellant to file a 1925(b) statement, and one was filed.[3] On April 7, 2015, the lower court issued its Rule 1925(a) opinion.

On appeal,[4] Appellant essentially argues that the lower court lacked jurisdiction to issue the July 21, 2014 order. In response, the lower court

---

[3] Appointed counsel filed an amended PCRA petition on April 3, 2015. It appears from the certified docket that the trial court has issued an order stating that it lacks jurisdiction over the pending petition(s) due to the pendency of this appeal.

[4] Both parties and the lower court address the issue of whether Appellant is or should be represented by counsel in this appeal. The Commonwealth and the lower court take the position that, because Appellant is represented by PCRA counsel, this *pro se* appeal should be dismissed. The Commonwealth further argues that, alternatively, the matter should be remanded for a determination of whether Appellant in fact has counsel or should have counsel appointed.

We note that, even assuming *arguendo* that Appellant is represented, we will not dismiss the appeal on the basis that Appellant acted *pro se* in filing it. Generally, our courts will not entertain *pro se* filings while an appellant remains represented, and such filings have been described as legal nullities. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). However, *pro se* notices of appeal present a special case. In **Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal, filed while Cooper was represented by counsel, was not automatically a legal nullity, but was simply "premature." *Id.* at 1007. Moreover, this Court and our Supreme Court have faced *pro se* notices of appeal filed by represented appellants both before and after **Cooper**, and we have not considered this defect to be fatal. **See, e.g., Commonwealth v. Wilson**, 67 A.3d 736, 738 (Pa. 2013) (explaining that "[Wilson] filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice," and proceeding to review the merits of Wilson's case without further discussion); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (remanding for a **Grazier** hearing where, after the denial of Robinson's counseled petition pursuant to the Post Conviction Relief Act, Robinson filed a timely *pro se* appeal, and a petition requesting that he be allowed to proceed *pro se*, and the PCRA court

asserts that it "inadvertently did not address costs of prosecution at the time of the [s]entencing [h]earing or in the written order and was therefore[] correcting same" as a "patently obvious mistake." Trial Court Opinion, 4/7/2015, at unnumbered pages 2-3. We agree with Appellant and, in doing so, find this Court's decision in **Commonwealth v. LeBar**, 860 A.2d 1105 (Pa. Super. 2004), to be instructive.

In **LeBar**, LeBar pled guilty to various offenses and was sentenced accordingly; however, the sentencing order "made no mention whatsoever of the imposition of any court or prosecution costs or other fees on LeBar." **LeBar**, 860 A.2d at 1107. This notwithstanding, the clerk of courts notified the Department of Corrections (DOC) that LeBar had been ordered to pay court costs at sentencing, and the DOC informed LeBar that it would deduct a portion of his monthly income to satisfy those costs "under authority of Act 84, 42 Pa.C.S. § 9728" (relating to the collection of restitution, reparation, fees, costs, fines and penalties). **Id.** LeBar made several attempts to challenge the DOC's collection of these costs, the last of which being in the form of a motion to compel the return of the monies collected, which the

---

entered an order permitting counsel to withdraw). Thus, we will not treat Appellant's *pro se* notice of appeal as a nullity. Moreover, based on our disposition of this appeal, we need not address the issue of Appellant's representation by counsel herein.

lower court denied.[5] *Id.* at 1107-08. On appeal, this Court held that the clerk of courts could not assess, and the DOC could not collect, any costs from LeBar pursuant to section 9728 in the absence of a court-ordered obligation to do so. *Id.* at 1109-10. The Court further addressed the applicability of 18 P.S. § 11.1101,[6] explaining that a sentence imposing costs is required for the collection of any costs beyond the mandatory $60 assessment found in that provision. *LeBar*, 860 A.2d at 1111.

Importantly for purposes of this appeal, the *LeBar* Court also provided the following discussion:

> Although we do not read the order [denying LeBar's motion to compel] to make any attempt at altering the original sentencing order, even if that were [the lower court's] intent [it] would be acting outside [its] authority to modify [its] sentencing order over two years after it issued. "Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. 42 Pa.C.S.[] § 5505. Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." *Commonwealth v. Walters*, 814 A.2d 253, 255-56 (Pa. Super. 2002) (some citations omitted). A

---

[5] In its order denying LeBar's motion, the lower court observed that "it appears that the directive to pay costs of proceeding was inadvertently omitted from the [s]entencing [o]rder…." *LeBar*, 860 A.2d at 1108.

[6] Section 11.1101 provides, in relevant part, that "[a] person … who is convicted of a crime shall, in addition to costs imposed under 42 Pa.C.S. § 3571(c) (relating to Commonwealth portion of fines, etc.), pay costs of at least $60 and may be sentenced to pay additional costs in an amount up to the statutory maximum monetary penalty for the offense committed;" that "[t]his cost shall be imposed notwithstanding any statutory provision to the contrary;" and that "[n]o court order shall be necessary in order for the defendant to incur liability for costs under this section." 18 P.S. § 11.1101(a)(1), (c), (e).

trial court may, however, act outside its thirty-day window to correct a patent or obvious mistake in a sentence, or in case of fraud "or another circumstance so grave or compelling as to constitute extraordinary cause[ ]." *Id.* at 256 (internal quotation marks omitted). Aside from the $60 assessment automatically arising by operation of 18 P.S. § 11.1101, neither [the lower court], the Commonwealth, nor our own review of the record reveals any indication that [the lower court's] failure originally to impose court costs or other costs of prosecution against LeBar, a power that lies wholly in [its] discretion as [the] sentencing [court], constituted a patent mistake or extraordinary circumstance, or arose due to anyone's fraud. Consequently, at the expiration of thirty days following LeBar's sentencing, [the lower court] lost power to modify LeBar's sentence under the circumstances at bar.

*Id.*

Like the *LeBar* Court, we do not discern any indication from the Commonwealth, lower court, or our review of the record that the court's initial failure to impose the costs of prosecution against Appellant resulted from an extraordinary circumstance or fraud. We further disagree with the lower court that the omission of a directive imposing these costs on Appellant, "a power that lies wholly in [the sentencing court's] discretion," constituted a patent mistake. Thus, the lower court did not have the authority to issue its July 21, 2014 order. Accordingly, we vacate the trial court's order.[7]

---

[7] To be clear, our disposition of this matter does not preclude the collection of the $60 fee required by Section 11.1101(a) against Appellant. *See* 18 P.S. § 11.1101(d)-(e) (providing that "[t]he district attorney, the Office of Victims' Services, the commission or any victim shall have standing to seek a mandamus order requiring the county to collect the costs imposed by this

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015

---

section" and that "[n]o court order shall be necessary in order for the defendant to incur liability for costs under this section").