J-S29003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL EICHELBERGER, | |
| Appellant | No. 46 WDA 2015 |

Appeal from the Order Entered December 2, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001968-2013

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:               **FILED MAY 19, 2016**

Appellant, Daniel Eichelberger, appeals from the December 2, 2014 order denying his "Petition for Relief Pursuant to 42 Pa.C.S.A. §5505."  We affirm.

On February 12, 2013, Appellant pled guilty to one count of possession with intent to deliver a controlled substance.  That same day, he was sentenced to a term of 6 months' probation, in accordance with the negotiated plea agreement.  Appellant did not file a post-sentence motion or direct appeal.

On October 25, 2013, Appellant filed a counseled petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, raising claims

_____

[*] Former Justice specially assigned to the Superior Court.

of the ineffective assistance of trial counsel. The Commonwealth filed an answer to Appellant's PCRA petition on October 30, 2013, and Appellant filed a response thereto on November 1, 2013.

Before the trial court could rule on Appellant's PCRA petition, however, he filed a counseled "Petition for Relief Pursuant to 42 Pa.C.S.A. §5505" (hereinafter, "section 5505 petition"). On December 2, 2014, the court issued an order denying Appellant's section 5505 petition. The court's order simply stated, "This court does not have jurisdiction to grant the relief requested." Order, 12/2/14. On December 30, 2014, Appellant filed a timely notice of appeal from that order. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In that Rule 1925(b) statement, Appellant presented the following single issue, which mirrors the issue he presents in this appeal:

> Did the trial court err and/or abuse its discretion when it denied [Appellant's] Motion for Extraordinary Relief where the facts and circumstances surrounding [Appellant's] guilty plea amount to such "extraordinary circumstances" as to warrant relief pursuant to 42 Pa.C.S.A. §5505?

Rule 1925(b) Statement, 4/27/15; *see also* Appellant's Brief at 1. The trial court issued a Rule 1925(a) opinion on September 18, 2015.

To fully understand Appellant's claim, we must begin by discussing, in more detail, the factual and procedural background underlying his argument. As discussed, *supra*, Appellant was sentenced to six months' probation; when he filed his PCRA petition on October 25, 2013, over eight months had

- 2 -

passed since Appellant's sentence was imposed. Consequently, in the Commonwealth Answer to Appellant's petition, it contended that the court did not have jurisdiction to grant Appellant PCRA relief because his 6-month sentence of probation had expired. **See** Commonwealth's Answer to PCRA Petition, 10/30/13, at 5 (citing 42 Pa.C.S. § 9543(a)(1)(i) (requiring that the petitioner be "currently serving a sentence of imprisonment, probation or parole for the crime" when the requested relief is granted); **Commonwealth v. Ahlborn**, 699 A.2d 718, 720 (Pa. 1997) ("To be eligible for [PCRA] relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when [the petitioner] is *not* currently serving such a sentence would be to ignore the language of the statute.") (emphasis in original). In Appellant's Response to the Commonwealth's Answer, however, he maintained that he *was* still serving his term of probation. **See** Appellant's Response to the Commonwealth's Answer, 11/1/13, at 1 ¶ 1 (unpaginated).

Before the court ruled on Appellant's PCRA petition, he filed his section 5505 petition. Therein, Appellant *conceded* that he "is no longer serving a sentence and, in fact, had completed his sentence when his counseled PCRA Petition was filed…." Section 5505 Petition, 8/14/14, at 1 ¶ 2 (unpaginated). Appellant further acknowledged that he "is not entitled to PCRA relief pursuant to **Commonwealth v. Turner**, 80 A.3d 754 (Pa. 2013)." **Id.** Nevertheless, Appellant requested that the trial court "exercise its authority pursuant to 42 Pa.C.S.A. §5505 and permit [Appellant] to withdraw his plea

of guilty" because his trial counsel acted ineffectively. Specifically, Appellant asserted:

> As set forth in the Petitioner's counseled PCRA Petition, trial counsel's inexplicable decision to advise a first time offender to plead guilty to a felony drug offense six days after his being charged is so far below the standard for zealous representation as to constitute "extraordinary circumstances."

*Id.* at 1 ¶ 4 (unpaginated). The trial court ultimately denied Appellant's section 5505 petition, concluding that he was simply attempting to raise an ineffectiveness claim under the guise of section 5505 because he was no longer eligible for relief under the PCRA. *See* Trial Court Opinion (TCO), 9/18/15, at 2.

Now, on appeal, Appellant contends that the trial court erred by denying his section 5505 petition. Section 5505 states:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505. This Court has further explained:

> Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." *Commonwealth v. Walters,* 814 A.2d 253, 255-56 (Pa. Super. 2002) (some citations omitted). A trial court may, however, act outside its thirty-day window to correct a patent or obvious mistake in a sentence, or in case of fraud "or **another circumstance so grave or compelling as to constitute extraordinary cause**[ ]." *Id.* at 256 (internal quotation marks omitted).

*Commonwealth v. LeBar*, 860 A.2d 1105, 1111 (Pa. Super. 2004) (emphasis added).

Citing the above-emphasized language, Appellant argues that the ineffectiveness of his trial counsel constitutes an "extraordinary circumstance" permitting the trial court to vacate his judgment of sentence and permit him to withdraw his plea over *1½ years* after that plea was entered and his sentence was imposed.[1]  Appellant's argument is clearly meritless.  "The PCRA provides eligibility for relief for cognizable claims, ***see*** 42 Pa.C.S. § 9543(a)(2), including claims of ineffective assistance of trial counsel, and is the *sole means* of obtaining collateral relief in Pennsylvania." ***Turner***, 80 A.3d at 767 (emphasis added).  Appellant may not circumvent the PCRA by raising his ineffectiveness claim under the 'extraordinary circumstances' exception to section 5505.[2]  Accordingly, we ascertain no error in the trial court's denial of Appellant's section 5505 petition.

_____

[1] Appellant also devotes a large majority of his argument to contending that the "currently serving a sentence" requirement of 42 Pa.C.S. § 9543(a)(1)(i) violates his substantive due process rights.  ***See*** Appellant's Brief at 7-11. However, Appellant did not present this claim in either his section 5505 petition, or in his Rule 1925(b) statement.  Consequently, it is waived.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

[2] This is true despite the fact that Appellant is no longer eligible for PCRA relief because he is not 'currently serving' his sentence of probation.  Our Supreme Court has held that,

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/19/2016

_(Footnote Continued)_ ————————————————

> the constitutional nature of the claims asserted by [the] [p]etitioner does not overcome the statutory restrictions on [his] eligibility for relief, subject, of course, to due process.  Such due process, however, does not require infinite opportunity to attack a conviction under any and all circumstances; rather, it permits our legislature through the PCRA statute to place limitations on claims of trial error and strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in [] conviction.

**Turner**, 80 A.3d at 767 (citation and internal quotation marks omitted). Our Supreme Court concluded in **Turner** "that due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence." **Id.** at 766.