J-S77026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM ANTHONY REEVES :
:
Appellant : No. 971 MDA 2017

Appeal from the PCRA Order May 31, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003698-2012

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:               **FILED FEBRUARY 02, 2018**

William Anthony Reeves appeals from the order, entered in the Court of Common Pleas of Dauphin County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On September 17, 2013, following a non-jury trial, the trial court convicted Reeves of use/possession of drug paraphernalia, possession with intent to manufacture or deliver ("PWID"), and violation of the Uniform Firearms Act ("VUFA").[1]  The same day, the trial court sentenced Reeves to an aggregate term of 7 to 14 years' imprisonment.  This court affirmed Reeves'

_____

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(32) and 18 Pa.C.S.A. § 6105(a)(1), respectively.

_____

judgment of sentence on February 11, 2015, and our Supreme Court denied Reeves' petition for allowance of appeal.[2]

Reeves filed a timely PCRA petition, his first, and on November 5, 2015, appointed counsel filed a supplemental petition on Reeves' behalf. On January 20, 2016, Reeves was resentenced to an aggregate term of 1-2 years' imprisonment after the PCRA court determined his mandatory minimum sentence was improper under **Alleyne v. United States**, 133 S. Ct. 2151 (2013). On September 14, 2016, the trial court issued an additional order modifying Reeves' new sentence, stating, "[Reeves] is granted time credit from February 17, 2012 through July 30, 2012." Originally, the trial court mistakenly awarded Reeves time credit from July 30, 2012 through January 2016, or approximately 4 years; however, that credit was duplicative. The trial court based its resentence of 1-2 years' imprisonment on the fact that pursuant to **Alleyne**, it should have originally sentenced Reeves to 5-10 years' imprisonment, not 7-12 years' imprisonment, and Reeves had already served four years' imprisonment.

On December 8, 2016, Reeves, through appointed counsel, filed the instant PCRA petition, his second.[3] On May 4, 2017, the PCRA court dismissed

---

[2] Our Supreme Court denied Reeves' petition for allowance of appeal on January 15, 2015; this Court affirmed Reeves' initial judgment of sentence on February 11, 2015.

[3] The trial court resentenced Reeves on January 20, 2016; however, Reeves did not appeal his judgment of sentence. Thus, his second PCRA petition was timely, as he filed it within one year of his judgment of sentence becoming final. 42 Pa.C.S.A. § 9545.

Reeves' petition, finding no genuine issue concerning any material fact existed. This timely appeal follows. Both Reeves and the PCRA court have complied with Pa.R.A.P. 1925. On appeal, Reeves claims that his sentence is illegal because the trial court did not grant proper credit for time served, and his sentence violates 42 Pa.C.S.A. § 5505. These arguments are meritless.

When reviewing an order dismissing a PCRA petition, we examine whether the record supports the determination of the PCRA court and is free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." **Commonwealth v. Carter**, 21 A3d 680, 682 (Pa. Super. 2011) (citation omitted).

Instantly, Reeves argues that the trial court's modification order was issued improperly under section 5505. Section 5505 states:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Under certain circumstances, the time bar to the trial court's power to alter a sentencing order may be excused.

> Generally, once the thirty-day period is over, the trial court loses the power to alter its orders. ***A trial court may, however, act outside its thirty-day window to correct a patent or obvious mistake in a sentence, or in case of fraud or another circumstance so grave or compelling as to constitute extraordinary cause.***

*Commonwealth v. LeBar*, 860 A.2d 1105, 1111 (Pa. Super. 2004) (quotations, brackets and citations omitted) (emphasis added).

Instantly, the trial court modified its sentencing order on January 20, 2016, now sentencing Reeves to one to two years' imprisonment for PWID. This sentence reflected the original sentence for PWID, following the PCRA grant of post-collateral relief pursuant to *Alleyne*, *supra* of five to ten years' imprisonment, minus four years' time served (February 17, 2012 to January 20, 2016). The modified sentencing order further stated "[the trial court] grant[s] credit from February 17, 2012, to [January 20, 2016] toward this sentence; however, this shall run consecutive to any state sentence the defendant was previously serving." Sentencing Order, 1/20/16, at 1. The modified sentencing order reflected a shorter sentence for PWID (one to two years' imprisonment) while also inadvertently granting him time served that was already reflected in Reeves' PWID sentence; thus, the amount of time served was duplicative. Accordingly, the trial court issued a subsequent order, dated September 14, 2017, modifying Reeves' sentence as follows: "[Reeves] is granted time credit from February 17, 2012 through July 30, 2012. Time credit awarded from July 30, through January 20, 2016 shall be removed[,] as it would result in defendant receiving duplicate credit." Sentencing Order, 9/14/16, at 1.

The trial court's order modifying Reeves' sentence was issued approximately eight months after his resentence, and therefore, the trial court could not modify Reeves' sentence absent patent or obvious error, fraud or

other grave circumstances. **Lebar**, **supra**; 42 Pa.C.S.A. § 5505. However, the duplicate award of four years' time served was, in fact, a patent and obvious error. The trial court, therefore, did not violate section 5505 when it corrected Reeves' sentence by the order dated September 14, 2016. **Le Bar**, **supra**.

The trial court ultimately granted Reeves proper credit for time served, and its order modifying the January 20, 2016 modified sentencing order was legal pursuant to section 5505. Therefore, Reeves' claims are meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/18