J-S45029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAL KENYA MCCLOUD | : | |
| | : | |
| Appellant | : | No. 3616 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 28, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004603-2016

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:  **FILED AUGUST 28, 2019**

Jamal Kenya McCloud (Appellant) appeals from the judgment of sentence imposed after he pled guilty to persons not to possess firearms, 18 Pa.C.S.A. § 6105.  Upon review, we affirm.

The record reflects that Appellant was charged with several crimes.  On May 30, 2017 — the day he was to go to trial — Appellant appeared before the Honorable Joseph P. Walsh and entered an open guilty plea to a single count of persons not to possess firearms.  The Commonwealth agreed to *nolle prosse* the remaining charges.  **See** N.T., 5/30/17, at 4, 15.  At the guilty plea colloquy, Appellant admitted that "on May 21st, 2016, [he] had in his residence . . . a firearm."  **Id.** at 6.  He further conceded that he reviewed with his

_____

[*] Retired Senior Judge assigned to the Superior Court.

counsel "constructive versus actual possession." *Id.* Appellant's counsel addressed Appellant:

> And, again, no one is indicating that you had [the handgun] in your hand, but it certainly was in the house, and you understand you were not supposed to have any firearms in the house where you reside?
>
> APPELLANT:        Yes.

*Id.*

Appellant appeared for sentencing on August 28, 2017. Judge Walsh stated that he had reviewed the pre-sentence investigation report. N.T., 8/28/17, at 3, 33. Appellant then testified, *inter alia*, that he pled guilty "for firearms in the house." *Id.* at 8, 13. However, Appellant stated he "never touched them" and was "in a bad situation." *Id.* at 13-14. The Commonwealth asked Appellant, "about the concept of constructive possession. You know what that is, right?" *Id.* at 14. Appellant responded: "I can't argue with that. I was in a bad situation." *Id.* Thereafter, Judge Walsh sentenced Appellant to 3½ to 7 years of incarceration, which was "the very bottom of the standard range." *Id.* at 35. The court also ordered Appellant to "pay the costs of prosecution" and "the monthly offender supervision fee." *Id.* at 34.

Appellant filed a timely post-sentence motion in which he recited mitigating factors and generally asked that the court "adjust the sentence." Motion to Reconsider Sentence, 8/31/17, at 2. Judge Walsh denied the motion on September 6, 2017. Appellant did not file a timely appeal. Nearly ten

months later, on July 2, 2018, the case was transferred to the Honorable Kelly C. Wall. On July 31, 2018, Appellant filed a *pro se* petition for post-conviction relief. Judge Wall appointed counsel, who filed an amended petition on November 4, 2018. By order dated November 29, 2018, Judge Wall reinstated Appellant's direct appeal rights. Appellant filed the underlying appeal on December 13, 2018. Judge Wall, by order dated January 4, 2019, ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925. However, Judge Wall filed her opinion on January 8, 2019 before Appellant filed his statement, and before the statement was due.[1]

On appeal, Appellant presents two questions for review:

1. Was the plea knowing, intelligent, and voluntary where the record demonstrates that [Appellant] was not aware of available defenses to allegations of constructive possession?

2. Did the sentencing court err in imposing costs and fees at sentencing without making a determination regarding [Appellant's] ability to pay?

Appellant's Brief at vii.

In his first issue, Appellant asserts that he "was unaware of his potential defense to allegations of constructive possession." Appellant's Brief at 7. For this reason, Appellant argues that his guilty plea was not voluntary, knowing and intelligent, and this Court "should vacate the judgment of sentence and

---

[1] The trial court opinion addresses the sentencing issue Appellant presented in his motion to reconsider sentence, but not the guilty plea and costs and fees issues Appellant subsequently raised in his Rule 1925(b) statement.

remand for trial." *Id.* at 10. This claim is waived. Appellant never sought to withdraw his guilty plea with the trial court. Appellant challenged the validity of his guilty plea for the first time in his Rule 1925(b) statement. We have explained:

> In order to preserve an issue related to a guilty plea, an appellant must either "object[ ] at the sentence colloquy or otherwise raise [ ] the issue at the sentencing hearing or through a post-sentence motion." *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002). *See* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); see also Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

*Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468–69 (Pa. Super. 2017).[2] Accordingly, Appellant's first issue does not merit relief.

In his second issue, Appellant argues that the trial court erred by ordering him to pay costs and fees as part of his sentence. Appellant reasons that because he "qualifies for the services of a public defender . . . costs and fees should be waived." Appellant's Brief at 10. He further asserts that the court should have conducted a hearing on his ability to pay, and asks us to

---

[2] To the extent Appellant implicates the ineffectiveness of plea counsel, we agree with the Commonwealth that this issue "is not ripe for appellate review" where there was no "evidentiary hearing to determine whether potential defenses were discussed." Commonwealth Brief at 15-16. We remind Appellant that we may not examine his colloquy and weigh the evidence or make credibility determinations regarding his plea, because that is not our role as an appellate court. *See*, *e.g.*, *Commonwealth v. King*, 990 A.2d 1172, 1178 (Pa. Super. 2010) ("We do not weigh the evidence or make credibility determinations."); *compare with Commonwealth v. Lee*, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*) ("we are an error-correcting court.").

vacate his sentence "with regard to costs and fees and remand on the issue of whether [Appellant] has the ability to pay." *Id.* at 16. There is no merit to Appellant's claim.

We recognize that a claim contesting the authority of the sentencing court to impose costs and fees constitutes a non-waivable challenge to the legality of the sentence. *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013). "A claim that the trial court imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo.*" *Id.*

However, the legislature provides for the imposition of certain mandatory costs and fees associated with a criminal conviction. *See, e.g.,* 18 P.S. § 11.1101(a)(1) ("A person who pleads guilty . . . shall, in addition to costs imposed under 42 Pa.C.S. § 3571(c) (relating to Commonwealth portion of fines, etc.), pay costs . . . and may be sentenced to pay additional costs in an amount up to the statutory maximum monetary penalty for the offense committed."); *see also Commonwealth v. LeBar,* 860 A.2d 1105 (Pa. Super. 2004) (discussing mandatory costs and fees in context of court's failure to include mandatory court costs in sentencing order and propriety of subsequent deductions for court costs by Department of Corrections in absence of valid court order).

Further, there is no requirement in Pennsylvania that a trial court consider a criminal defendant's ability to pay the costs of prosecution and/or

fees attendant to that prosecution. ***See Childs***, 63 A.3d at 326–27 (holding that a criminal defendant is not entitled to a hearing on his ability to pay costs unless a trial court seeks to incarcerate that defendant for failure to pay court costs). We explained:

> Generally, a defendant is not entitled to a pre-sentencing hearing on his or her ability to pay costs. ***Commonwealth v. Hernandez***, 917 A.2d 332, 336–37 (Pa. Super. 2007). While [Pennsylvania] Rule [of Criminal Procedure] 706 "**permits** a defendant to demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments," the Rule only **requires** such a hearing prior to any order directing incarceration for failure to pay the ordered costs. ***Id.*** at 337 (emphasis added). In ***Hernandez,*** we were required to determine whether Rule 706 was constitutional in light of ***Fuller v. Oregon***, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). We concluded that a hearing on ability to pay is not required at the time that costs are imposed:
>
>> The Supreme Court ... did not state that ***Fuller*** requires a trial court to assess the defendant's financial ability to make payment at the time of sentencing. In interpreting ***Fuller,*** numerous federal and state jurisdictions have held that it is not constitutionally necessary to have a determination of the defendant's ability to pay prior to or at the judgment of sentence.... [We] conclude that ***Fuller*** compels a trial court only to make a determination of an indigent defendant's ability to render payment before he/she is committed.
>
> ***Hernandez***, 917 A.2d at 337.

***Childs***, 63 A.3d at 326. Consistent with the above authority, there is no merit to Appellant's second issue concerning costs and fees.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/19