J-S03030-21

2021 PA Super 49

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROMAN DAVID HERRIN | : | No. 848 WDA 2020 |

Appeal from the Order Entered July 29, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000178-2017

BEFORE: DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

OPINION BY MURRAY, J.: **FILED: MARCH 22, 2021**

The Commonwealth appeals from the trial court's order making Roman David Herrin (Appellee) eligible for State Motivational Boot Camp (Boot Camp)[1]. We affirm.

The trial court summarized the factual and procedural history as follows:

On November 7, 2016, the Appellee was operating a motor vehicle when he hit a bicyclist and then fled the scene. The bicyclist died as a result of his injuries. The Appellee was located shortly after the incident and had the odor of marijuana about his person. He was charged with Homicide by Vehicle while Driving Under the Influence, 75 Pa. C.S. § 3735(a)(1)(i); Accidents Involving Death

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 61 Pa.C.S.A. §§ 3901-3909. Boot Camp is a six-month program that includes, *inter alia*, rigorous physical activity, work on public projects, substance abuse treatment, continuing education, vocational training, and pre-release counseling. 61 Pa.C.S.A. § 3903. Once an offender successfully completes the program, and following certification by the Department of Corrections to the Parole Board, he or she is entitled to immediate release on parole, regardless of any minimum sentence. **Id.** at § 3907; **Commonwealth v. Hansley**, 47 A.3d 1180, 1190 n.11 (Pa. 2012).

> or Serious Bodily Injury, 75 Pa. C.S. § 3742(a); Homicide by Vehicle, 75 Pa. C.S. § 3732(a); Driving Under the Influence of Alcohol or Controlled Substance, 75 Pa. C.S. § 3803(d)(2); and several summary charges. On May 3, 2019, he entered into a guilty plea agreement with the Commonwealth for a term of incarceration of three (3) to six (6) years concurrent with all charges, with no other conditions or limitations listed on the plea form. On July 17, 2019, he was sentenced in accordance with that plea agreement. [On January 6, 2020], the Appellee filed a Motion to Refer Defendant to Motivational Boot Camp. At the time of the presentation of the motion, the Commonwealth argued that the Appellee was not eligible for boot camp as he had been sentenced to a mandatory term of incarceration of three (3) years.

Trial Court Opinion, 10/5/20, at 1-2.

The trial court denied Appellee's motion on January 8, 2020. On June 29, 2020, Appellee *pro se* filed a Motion for Reconsideration for Bootcamp, which the trial court denied without prejudice because Appellee was still represented by counsel. Appellee's counsel subsequently filed a second Motion to Refer Defendant to State Motivational Boot Camp on July 17, 2020.[2] On July 29, 2020, the trial court granted the motion, and entered an order stating that Appellee was "eligible for the State Motivational Boot Camp Program should the Department of Corrections determine that [Appellee] is an appropriate candidate." Order, 7/29/20.

The Commonwealth filed this appeal on August 11, 2020. Both the trial court and the Commonwealth have complied with Pennsylvania Rule of

---

[2] While Appellee's January 6, 2020 and July 17, 2020 motions are nearly identical, we recognize a "trial judge may always revisit the judge's own [] rulings." **Commonwealth v. Price**, --- A.3d ----, 2020 WL 6815903, *2 (Pa. Super. 2020) (citation omitted).

Appellate Procedure 1925. The Commonwealth presents two issues for review:

> [1.] Whether the trial court erred in sentencing [Appellee], who was convicted of the offense of Homicide by Vehicle while Driving under the Influence, to be eligible for State Motivational Boot Camp Program, [which] constitutes an illegal sentence based on the Statutory Language within 75 §3742.
>
> [2.] Whether the trial court erred in granting [Appellee's] Motion to Refer to State Motivational Boot Camp Program by Order dated July 29, 2020 as [Appellee] is ineligible for said Program as the Offense for which he was convicted provides a Mandatory Incarceration sentence according to the Statutory language within 75 §3742.

Commonwealth Brief at vi.

In both issues, the Commonwealth claims the trial court imposed an illegal sentence by deeming Appellee eligible for Boot Camp. We address these issues together, mindful of the following:

> The scope and standard of review in determining the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

**Commonwealth v. Jurczak**, 86 A.3d 265, 267 (Pa. Super. 2014) (citation omitted).

The Commonwealth argues that because both 75 Pa.C.S.A. § 3735 and § 3742 include mandatory minimum sentences, Appellee cannot be eligible for Boot Camp. **See** Commonwealth Brief at ix. The law does not support this argument.

On November 7, 2016 — the date of Appellee's crimes — section 3735(a) of the Vehicle Code provided:

> Any person who unintentionally causes the death of another person as a result of a violation of section 3802 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

*Id.* (prior version). Similarly, a person convicted of leaving the scene of an accident involving death was required to be sentenced "to serve a minimum term of imprisonment of not less than three years." 75 Pa.C.S.A. § 3742(b)(3)(1).[3]

At the time of Appellee's sentencing, the Prisons and Parole Code provided:

> **(a) Duties of commission.**--Through the use of sentencing guidelines, the commission shall employ the definition of "eligible inmate" as provided in this chapter to further identify inmates who would be appropriate for participation in a motivational boot camp.
>
> **(b) Duties of sentencing judge.**--The sentencing judge shall employ the sentencing guidelines to identify those defendants who are eligible for participation in a motivational boot camp. The judge shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp. **The judge shall note on the sentencing order whether the defendant has been identified as eligible for a motivational boot camp program**.

---

[3] Section 3742 has not changed since the date of Appellee's crimes.

61 Pa.C.S.A. § 3904 (prior version[4], emphasis added).

An "eligible inmate" is statutorily defined as:

A person sentenced to a term of confinement under the jurisdiction of the Department of Corrections who is serving a term of confinement, the minimum of which is not more than two years and the maximum of which is five years or less, or an inmate who is serving a term of confinement, the minimum of which is not more than three years where that inmate is within two years of completing his minimum term, and who has not reached 40 years of age at the time he is approved for participation in the motivational boot camp program. The term shall not include any inmate who is subject to a sentence the calculation of which included an enhancement for the use of a deadly weapon as defined pursuant to the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing, any inmate who has been convicted or adjudicated delinquent of any crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders) or any inmate with a current conviction or a prior conviction within the past ten years for 18 Pa.C.S. § 2502 (relating to murder), drug trafficking as defined in section 4103 (relating to definitions) or a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second or subsequent offenses) or criminal attempt, criminal solicitation or criminal conspiracy to commit any of these crimes.

61 Pa.C.S.A. § 3903 (footnotes omitted).

Once committed to the custody of the Department of Corrections, "[a]n eligible inmate may make an application to the motivational boot camp selection committee for permission to participate in the motivational boot camp program." 61 Pa.C.S.A. § 3906(a).

---

[4] The current version of 61 Pa.C.S.A. § 3904, effective December 18, 2019, states that the "judge shall note on the sentencing order whether the defendant has been **excluded** from eligibility for a motivational boot camp program." *Id.* (emphasis added).

> If the selection committee determines that an inmate's participation in the program is consistent with the safety of the community, the welfare of the applicant, the programmatic objectives and the rules and regulations of the department, the committee shall forward the application to the secretary or his designee for approval or disapproval.

*Id.* at § 3906(b).

Initially, we note that the trial court's July 29, 2020 order was proper. We recognize that generally, if no appeal is taken, a trial court has 30 days to modify an order.

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505.

> Further,

> . . . once the thirty-day period is over, the trial court loses the power to alter its orders. **A trial court may, however, act outside its thirty-day window to correct a patent or obvious mistake in a sentence**, or in case of fraud or another circumstance so grave or compelling as to constitute extraordinary cause.

*Commonwealth v. LeBar*, 860 A.2d 1105, 1111 (Pa. Super. 2004) (citations omitted, emphasis added).

Here, the trial court modified its sentencing order on July 29, 2020, more than a year after imposing Appellee's July 17, 2019 sentence. Therefore, the court could not act absent a patent or obvious mistake. *LeBar*, 860 A.2d at 1111; 42 Pa.C.S.A. § 5505. Consistent with the above legal authority, the court's failure to "note on the sentencing order" whether Appellee was eligible

for Boot Camp in its July 17, 2019 sentencing order, as **required** by 61 Pa.C.S.A. § 3904, was a mistake subject to the court's correction. *Id.* ("The judge **shall** note on the sentencing order whether the defendant has been identified as eligible for a motivational boot camp program.") (prior version, emphasis added). We therefore turn to whether the trial court erred in ordering that Appellee was "eligible for the State Motivational Boot Camp Program should the Department of Corrections determine that [Appellee] is an appropriate candidate." Order, 7/29/20.

Citing the applicable statutes, the trial court explained:

The Appellee filed a . . . Motion to Refer Defendant to State Motivational Boot Camp. An inmate is eligible if he is serving a term of confinement, the minimum of which is not more than three years where the inmate is within two years of completing his minimum, and who has not reached 40 years of age at the time he is approved for participating in the program. 61 Pa.C.S.A. § 3903. The defendant is not eligible if he is subject to a sentence that includes a deadly weapon enhancement, requires registration as a sexual offender, is or has a conviction under 18 Pa.C.S.A. § 2502 (relating to murder), drug trafficking, [or] a crime of violence under 42 Pa.C.S.A. § 9741(g) (relating to second or subsequent offenses or any inchoate charges related to any of these charges). *Id.*

The Motivational Boot Camp is a program in which [an] eligible [] inmate participates for a period of six months and then upon certification by the Department of Corrections to the Parole Board that the inmate has successfully completed the program then he is entitled to immediate release on parole "notwithstanding any minimum sentence imposed in the case." 61 Pa.C.S.A. § 3907. The sentencing judge may identify in a sentencing order an offender who is eligible for the program, the actual selection of the offender for participation in the boot camp program is exclusively within the jurisdiction of the Department of Corrections. 61 Pa.C.S.A. § 3904(c). "A person may be eligible for . . . State motivational boot camp as described in 61 Pa. C.S.

- 7 -

Chapter 39, even if a mandatory minimum sentence would otherwise be provided by law." 42 Pa.C.S.A. § 9721(a.1)(2).

The Appellee's motion was presented in [motions court] on July 29, 2020. At the time of its presentation, the Commonwealth objected to the motion and referral to the program. After review of the applicable statutes, the [c]ourt entered the Order which is the issue of this appeal. The [c]ourt entered the Order stating that the [c]ourt "does not object to the Department of Corrections making [Appellee] eligible for the State Motivational Boot Camp Program should the Department of Corrections determine that [Appellee] is an appropriate candidate." On Ma[y] 3, 2019, the Appellee entered a plea to the charge of Homicide by Vehicle While Driving Under the Influence, Homicide by Vehicle, Accidents Involving Death or Personal Injury, and Driving Under the Influence. None of these offenses are ones which are excluded offenses under the statute defining eligibility for the Boot Camp Program. 61 Pa.C.S.A. § 3903. The Appellee provided information that he had no prior offenses, is twenty-six (26) years of age, and he has served one year of his three year mandatory sentence as of July 17, 2020.

After review of the facts of the case, the determination that the crimes to which the Appellee entered guilty pleas do not exclude the Appellee's participation in the program, and the applicable statutes, the [c]ourt issued the Order permitting the Department of Corrections to consider Appellee for participation in the Motivational Boot Camp Program. The Order entered is neither illegal pursuant to 42 Pa.C.S.A. § 9721(a.1)(2) nor is the Appellee ineligible for the Boot Camp Program as his age, lack of prior convictions, and the charges which he pled guilty to are not excluded offenses. The [c]ourt's determination that the Appellee could be considered for the program was appropriate and the Department of Corrections shall hereafter make the determination as to when and if the Appellee should be referred to the program.

Trial Court Opinion, 10/5/20, at 2-4.

Our review confirms that Appellee pled guilty to crimes that do not preclude participation in Boot Camp. Under the terms of his crimes, Appellee was subject to a mandatory minimum 3-years of incarceration. ***See*** 75

Pa.C.S.A. § 3735(a) (prior version); 75 Pa.C.S.A. § 3742(b)(3)(i). The trial court on July 17, 2019, sentenced Appellee to 3 to 6 years of incarceration, to be served concurrently, but failed to note on the sentencing order whether Appellee was eligible for Boot Camp. In its July 29, 2020 order, the court corrected the omission, *i.e.*, mistake, to identify Appellee as eligible for Boot Camp.

The trial court correctly concluded that Appellee's convictions, criminal record, and age did not disqualify him from Boot Camp eligibility. *See* Trial Court Opinion, 10/5/20, at 3-4; 61 Pa.C.S.A. § 3903. Further, the trial court correctly concluded that Appellee's mandatory minimum sentences did not make him ineligible for Boot Camp. The Sentencing Code expressly states: "A person may be eligible for . . . State motivational boot camp as described in 61 Pa.C.S. Ch. 39 (relating to motivational boot camp), even if a mandatory minimum sentence would otherwise be provided by law." 42 Pa.C.S.A. § 9721(a.1)(2); *see also Commonwealth v. Hansley*, 47 A.3d 1180, 1185 (Pa. 2012) ("[T]he motivational boot camp program, 61 Pa.C.S. §§ 3901-3909, [] allows a judge to designate an offender as boot-camp eligible even when imposing a mandatory minimum sentence.") (footnote omitted).

Accordingly, as a matter of law, the trial court did nor err. As Appellee's sentence is legal, no relief is due.

Order affirmed.

Judge Dubow joins the Opinion.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/22/2021