**Harold HERRSCHAFT, Petitioner**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 25, 2008.

Decided June 5, 2008.

Harold Herrschaft, petitioner, pro se.

Timothy I. Mark, Deputy Chief Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for respondent.

BEFORE: McGINLEY, Judge, FRIEDMAN, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Harold Herrschaft (Herrschaft) has filed a motion for summary relief in connection with the amended petition for review he has filed in this court's original jurisdiction. The Department of Corrections (Department) has filed a cross-application for summary relief. We deny Herrschaft's motion and grant the Department's cross-application.

On May 24, 2006, Herrschaft filed a petition for review against Charles E. Martin, Business Manager III at the State Correctional Institution at Huntingdon (SCI–Huntingdon), seeking original jurisdiction review of Martin's deduction of $1,347.97 from Herrschaft's inmate account from June 6, 2002, to December 14, 2005. On May 26, 2006, this court issued an order directing Herrschaft to file an amended petition for review naming the Department as the respondent or the mat-

ter would be dismissed for lack of original jurisdiction.

## I. Herrschaft's Amended Petition for Review

In his amended petition for review (Amended Petition), Herrschaft made the following allegations. On May 15, 2002, Herrschaft received a letter from Martin advising Herrschaft that the business office at SCI–Huntingdon had received a court order from Bucks County directing the Department to collect $1,347.97 in fines, costs and restitution from Herrschaft's inmate account. On May 17, 2002, Herrschaft sent a letter to the Bucks County Clerk of Courts, requesting a copy of the court order, but Herrschaft never received a copy. (Amended Petition, ¶¶ 3–4.)

On May 18, 2002, Herrschaft asked Martin for a copy of the court order, but Martin told Herrschaft to make the request through the inmate accounts office or the county. On May 28, 2002, Herrschaft asked the Inmate Records Supervisor, Lisa Moffa, for a copy of the court order. Moffa responded, "We do not make copies. Please contact the Clerk of Courts." Thus, Herrschaft mailed a second letter to the Bucks County Clerk of Courts requesting a copy of the court order. However, Herrschaft never received a copy. On June 1, 2002, Herrschaft submitted a written request to Moffa, asking, "Yes or no, does your office have an order from Bucks County...." Moffa circled the word "no" and stated, "We have the Court Sentencing Sheet that denotes costs of $303.48.... Please contact Inmate Accounts." (Amended Petition, ¶¶ 5–8.)

On January 28, 2004, Herrschaft's sister sent a letter to the Bucks County Clerk of Courts requesting a copy of the court or-

der under the Right to Know Law.[1] On February 4, 2004, Herrschaft's sister received a certified letter from the Deputy Clerk of Courts, stating that there is no court order regarding the collection of Herrschaft's fines, costs and restitution from his inmate account. (Amended Petition, ¶¶ 9–10.)

Based on these allegations, Herrschaft maintained that the Department improperly deducted $1,347.97 from his inmate account and demanded that the money be returned to him.

## II. Department's Answer and New Matter

On July 13, 2006, the Department filed an answer with new matter (New Matter). In the New Matter, the Department alleges that it deducted the money from Herrschaft's inmate account pursuant to documents it received from the court of common pleas. The Department attached those documents as Exhibit A.

Exhibit A contains two documents. The first document is a Form DC–300B court commitment sheet, dated February 18, 1987, and signed by "Deanna Smith, Dep." The court commitment pertains to Herrschaft and relates to court number 4410 for the 1986 term (Docket No. 1986–4410). The form shows that $303.48 in costs were to be paid by Herrschaft.

The second document is a copy of a May 6, 2002, letter from the Department's Office of Victim Advocate to Martin. The letter states that the Office of Victim Advocate received a cost summary sheet for Herrschaft from the court of common pleas and requests that Martin collect the money and pay it to Bucks County. The cost summary sheet, which is attached to the letter, actually is a print-out of a computer screen titled "Clerk of Courts Defen-

dant Costs Summary Display." A handwritten note on the print-out indicates that the "V/W" Coordinator in the Bucks County District Attorney's Office faxed the page to the Department's Office of Victim Advocate. The print-out, which contains "SS/CC # : ... 780[ ]," shows that Herrschaft owes $1,347.97 in costs for Docket No. 1986–4410. (New Matter, ex. A.)

On August 17, 2006, Herrschaft filed a response to the New Matter, acknowledging the $303.48 in court costs but asserting that these costs were paid on February 25, 1987.

## III. Applications for Summary Relief

Herrschaft filed a motion for summary relief. The Department filed a cross-application for summary relief. The Department argues that, under *Commonwealth v. LeBar*, 860 A.2d 1105 (Pa.Super.2004), the Department may deduct statutorily-mandated, non-waivable costs from an inmate account even if such costs are not set forth in a court order. In support of this argument, the Department attached the criminal docket sheets for Docket No. 1986–4410 from a computer website, setting forth the following costs:

| | |
|---|---|
| County Court Costs (Act 204 of 1976) | $ 1,314.97 |
| Crime Victims (Act 96 of 1984) | $ 10.00 |
| Crimes Commission (Act 96 of 1984) | $ 5.00 |
| Domestic Violence (Act 44 of 1988) | $ 10.00 |
| State Court Cost (Act 204 of 1976) | $ 8.00 |
| Total | $ 1,347.97 |

(Cross–Application, ex. A.) This docket sheet indicates that Herrschaft uses "Harold Michael Herrschaft" as an alias. Id.

In response, Herrschaft does not dispute that the costs were imposed pursuant to statutory authority. Herrschaft asserts only that the costs should have been assessed against his cousin. Herrschaft explains that his name is "Harold Herrschaft," that his cousin's name is "Harold Michael Herrschaft" and that the only dif-

---

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4.

ference in their names is that his cousin uses a middle name. As proof, Herrschaft attaches cost summary information from the Bucks County Clerk of Courts showing that "Harold Michael Herrschaft" or "Harold Herrschaft," with SS/CC# ... 4935, was assessed costs at various Bucks County docket numbers, including $1,347.97 at Docket No. 1986–4410. Herrschaft claims that SS/CC# ... 4935 is his cousin's "SS/CC" number.[2]

### IV. April 11, 2007 Order

On April 11, 2007,[3] this court issued a *per curiam* order granting the Department summary relief and denying Herrschaft summary relief. The order explained:

> In making Act 84 deductions, [the Department] may rely on a court commitment order that indicates the amount of fines, costs, and restitution the inmate has been ordered to pay. *Boyd v. Department of Corrections*, 831 A.2d 779 (Pa.Cmwlth.2003). [The Department] in this case relied on communications from the trial court indicating [Herrschaft's] outstanding obligation for court costs and restitution.

### V. Supreme Court

Herrschaft appealed to our supreme court. In an order dated November 21, 2007, our supreme court vacated this court's order and remanded the case for further proceedings. The court stated:

The order under review initially observes that the Department may rely on a court order reflecting fines, costs, and restitution ... but then merely recites that the Department relied on a "communication" from the trial court (or more properly, the clerk of courts) indicating outstanding obligations. Such commentary was insufficient to support the award of summary relief.

(Supreme Court's 11/21/2007 Order.)

### VI. Summary Relief[4]

The question is whether either party is entitled to summary relief as a matter of law based on the undisputed facts that: (1) the Department relied on the print-out of a computer screen titled "Clerk of Courts Defendant Costs Summary Display" to deduct money from Herrschaft's inmate account; and (2) the Clerk of Courts imposed the costs pursuant to statutory authority.

Section 9728(b)(3) of the Sentencing code states, "The county **clerk of courts shall,** upon sentencing, pretrial disposition or other order, **transmit** to the ... Department of Corrections ... copies of all **orders** for ... costs...." 42 Pa.C.S. § 9728(b)(3) (emphasis added). Under section 9728(b)(5) of the Sentencing Code, the "Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other

---

**2.** We note that "SS/CC# : ... 780[ ]" appears on the print-out received by the Department from the District Attorney's office. However, we are unable to determine the nature or significance of this number.

**3.** This court re-issued the order on April 25, 2007.

**4.** Pa. R.A.P. 1532(b) states that, at any time after the filing of a petition for review in this court's original jurisdiction, the court may on

application enter judgment if the right of the applicant thereto is clear. The *Note* to this rule indicates that such relief is the type envisioned in the Pennsylvania Rules of Civil Procedure for summary judgment. Pa. R.A.P. 1532, *Note.* A party may move for summary judgment as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery. Pa. R.C.P. No. 1035.2(1).

**court-ordered** obligation." 42 Pa.C.S. § 9728(b)(5) (emphasis added). Given the plain language of these provisions, the Department **should** have a court order to justify every deduction from an inmate account.

However, in *Boyd v. Department of Corrections*, 831 A.2d 779 (Pa.Cmwlth.2003), *aff'd*, 584 Pa. 540, 886 A.2d 222 (2005), the Department never received a court order. The Department received instead a Form DC–300B court commitment that was completed by a clerk. The Form DC–300B indicated that Boyd had been ordered to pay certain amounts in fines, costs and restitution. Boyd argued that, without a court order, the Department could not properly deduct money from his inmate account. This court held: "Because, in this case, Boyd does not dispute that the sentencing court imposed fines, costs and restitution upon him, but instead, only argues that the Department may not deduct funds for such purposes without a court order authorizing the 'act' of deducting those funds, his argument must fail." *Id.* at 783.

In *LeBar*, an inmate argued that the Department was precluded from deducting $466.00 in court costs from his inmate account because the sentencing court order did not impose court costs. Our superior court agreed. However, our superior court noted that, by statute, $60.00 in costs must be imposed upon a person convicted of a crime for the Crime Victims Compensation Fund. Thus, our superior court held that the Department could deduct $60.00 from the inmate's account without a court order.

Here, Herrschaft does not dispute that the amount of $1,347.97 in costs was assessed pursuant to statute. Thus, under *LeBar*, the Department did not err in making deductions from Herrschaft's inmate account to collect that amount. Herrschaft's argument that the Bucks County Clerk of Courts has confused his case with cases involving his cousin is not properly before us. *See Commonwealth v. Williams*, 909 A.2d 419 (Pa.Cmwlth.2006) (stating that a challenge to an assessment of costs by the clerk of courts is properly brought in the sentencing court).

Accordingly, we deny Herrschaft's motion for summary relief and grant the Department's cross-application for summary relief.

### ORDER

AND NOW, this 5th day of June, 2008, it is hereby ordered that the motion for summary relief filed by Harold Herrschaft is denied, and the cross-application for summary relief filed by the Department of Corrections is granted.