# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Michael Hill, | : |
|        Petitioner | : |
| | :   No. 230 M.D. 2024 |
|      v. | : |
| | :   Submitted: December 8, 2025 |
| Christine Mayernick (Inmate Accounts); | : |
| SCI Mahanoy Business Manager | : |
| (Ms. Cromyak); and Clerk of Court | : |
| Montgomery County, | : |
|        Respondents | : |

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE MATTHEW S. WOLF, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                      **FILED:  January 21, 2026**

       Michael Hill (Petitioner) has *pro se* filed a petition for review (Petition) in this Court's original jurisdiction, challenging deductions from his inmate account on the grounds that his sentencing order waived these deductions.  In response, Christine Mayernick and Amanda Cromyak (Corrections Respondents) as well as the Clerk of Courts of Montgomery County (Clerk of Courts) (collectively, Respondents), assert that a modified sentencing order withdrew the waiver and imposed court costs.  Additionally, Respondents contend that the two-year statute of limitations bars the Petition.  Before this Court are cross-motions for summary

judgment.[1]  After careful review, we grant Respondents' cross-motion for summary judgment, deny Petitioner's motion, and dismiss the Petition with prejudice.

## I. BACKGROUND[2]

Petitioner is an individual currently incarcerated at the State Correctional Institution at Mahanoy (SCI-Mahanoy).  On April 19, 2024, Petitioner filed the Petition alleging that DOC was deducting money from his inmate account without proper authorization or a court order, and in opposition to his sentencing order, in violation of Department Administrative Directive DC-ADM 005[3] and what is commonly known as Act 84.[4]  According to Petitioner, Act 84 provides that the only money DOC may collect from his personal inmate account must be a "court ordered obligation," which is absent from his sentencing order because the sentencing court explicitly waived all costs related to all counts.  Despite this,

---

[1] The parties' cross-motions for summary judgment are functionally equivalent in this Court to applications for summary relief.  *See Bussinger v. Dep't of Corr.*, 29 A.3d 79, 81 n.1 (Pa. Cmwlth. 2011) ("We will treat the cross-motions [for summary judgment] as cross-applications for summary relief. . . ."); Pa.R.A.P. 1532(b).

[2] We derive this background from those facts alleged in the Petition, Memorandum of Law in support of the Petition, and Supplement to the Petition.  *See* Pet., 4/19/24; Mem. of L., 4/19/24; Suppl. to Pet., 6/5/24.  Although the Petition and Memorandum of Law were filed on April 22, 2024, Petitioner deposited both documents in the mail on April 19, 2024.  *See Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014) (a prisoner's *pro se* filing is deemed filed when given to prison officials or deposited in the prison mailbox).  Similarly, the Supplement to the Petition was filed on June 11, 2024, but deposited in the mailbox by Petitioner on June 5, 2024.  The Memorandum of Law includes additional allegations and documents attached, which expand upon the allegations made in the Petition.  The Supplement to the Petition similarly includes additional factual allegations.  Accordingly, we construe both submissions as supplements to the Petition; any citations to exhibits are specifically noted.

[3] DOC's policy DC-ADM 005 is its policy on the collection of inmate debts.  See Pa. Dep't of Corr., DC-ADM 005, Collection of Inmate Debts (Jan. 5, 2026), available at https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/005%20collection%20of%20inmate%20debts.pdf (last visited January 20, 2026) for the updated policy.

[4] 42 Pa.C.S. § 9728.

2

Petitioner avers, DOC has been deducting 25% of all funds deposited into his personal account. Petitioner contends that he wrote first to the Clerk of Courts for clarification on his obligation towards any money owed, to which the Clerk of Courts responded by forwarding a copy of the sentencing order,[5] and also wrote to the Corrections Respondents, who are the business manager and inmate accounts employee at SCI-Mahanoy, asking to cease the deductions from his account and provided them with a copy of his sentencing order. Petitioner avers that both offices responded that they were authorized to make the deductions on his account pursuant to DC-ADM 005. Attached to the Memorandum of Law are copies of the sentencing order from January 23, 2018 (January order), which states that "costs on all counts are waived." *See* Pet., Ex. B. Furthermore, Petitioner states that he has filed several grievances and requests to prison staff in an attempt to obtain relief, but these attempts have failed. For relief in this Court, Petitioner requests the return of all funds unlawfully taken from him pursuant to Act 84, totaling $2,052.39, as well as "a stoppage of any further deductions." Lastly, in his Supplement to the Petition, Petitioner asserts that $3,970 was unlawfully deducted from his inmate account pursuant to the Crime Victims Compensation Fund (CVCF) and seeks the return of those funds. *See* Suppl. to Pet., 6/5/24.

On June 5, 2024, Petitioner filed a motion for preliminary injunction, requesting that we preliminarily order DOC, the Montgomery County Clerk of Courts, and SCI-Mahanoy staff to "cease deducting funds from his inmate account." *See* Appl. for Relief, 6/5/24. By Order dated June 14, 2024, this Court denied

---

[5] It is unclear if this is the sentencing order provided by Petitioner in his Memorandum of Law.

3

Petitioner's motion because service for the Petition was not completed. *See* Order, 6/14/24.[6]

Then, on July 26, 2024, this Court ordered Respondents to file an answer or other responsive pleading to the Petition. On August 16, 2024, the Correctional Respondents filed an Answer and New Matter (Answer). *See* Order, 7/26/24; Correctional Resp'ts' Answer, 8/16/24. In their Answer, the Correctional Respondents agree that when Petitioner was sentenced on January 23, 2018, the sentencing court waived his court costs. *See* Correctional Resp'ts' Answer. However, the Correctional Respondents contend that Petitioner was resentenced on February 28, 2018, at which point the sentencing court withdrew the waiver of payment of costs and imposed court costs, and attached an exhibit of such order. *See id.*, Ex. A. Thus, the Correctional Respondents maintain that there is a valid court order authorizing the deductions of court costs from Petitioner's inmate account. *See id.*, at 6-7. Additionally, the Correctional Respondents assert that Petitioner has failed to file his Petition challenging the deductions within the statute of limitations, which is two years from the time that he became aware that Act 84 deductions began. *See id.* at 8.

On August 20, 2024, the Clerk of Courts filed its Answer. *See* Clerk of Cts.' Answer, 8/20/24. Therein, the Clerk of Courts similarly avers that although it is true that Petitioner's January order waived all costs, the sentencing court subsequently issued a new order on February 28, 2018 (February order), that withdrew the waiver of payment of court costs. *See id.* at 5-6; Ex. B.

Petitioner responded, stating that he was never made aware of the existence of the February order until he was served with Respondents' Answers,

---

[6] Petitioner did not receive the order, so we reissued the same order to him on July 3, 2024, directing Petitioner to effectuate service by July 17, 2024.

claiming violations of his due process rights because he did not receive notice or an opportunity to be heard to oppose the order. *See* Mem. of L. in Support of Pet'r's Resp. to Resp't's New Matter (Pet'r's Resp.), 9/10/24, at 1-2. Additionally, Petitioner asserts that courts are divested of authority to modify or rescind any order thirty days after its entry. *See id.* at 2 (citing *Friedenbloom v. Wayant*, 814 A.2d 1253 (Pa. Super 2003)). Petitioner acknowledges exceptions to this rule, citing *Commonwealth v. LeBar*, 860 A.2d 1105 (Pa. Super. 2004), and *Commonwealth v. Holmes*, 837 A.2d 501 (Pa. Super. 2003), *reversed*, *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007), but avers that the trial court failed to provide any statement as to why its failure to impose costs constituted a mistake, extraordinary circumstance, or that it arose due to fraud. Thus, according to Petitioner, only the January order is enforceable.

On June 13, 2025, Petitioner filed a motion for summary judgment. Thereafter, on July 14, 2025, and July 16, 2025, the Correctional Respondents and the Clerk of Courts, respectively, filed their cross-motions for summary judgment. *See* Mot. Sum. J., 7/14/25; Mot. Summ. J., 7/16/24.

## II. DISCUSSION[7]

Petitioner argues that although DOC is authorized to make monetary deductions from an inmate's personal account for certain purposes, such as collecting restitution or collecting other fines or costs imposed by the sentencing order, in Petitioner's case, the trial court "neither sentenced [nor] validly ordered [the] imposition of any costs, fees, or restitution" because the January order "explicitly waived all costs related to all counts." Pet'r's Br. at 3 (emphasis omitted). Petitioner maintains that the January order imposed no financial obligations and, in fact, explicitly waived all costs. *See id.* at 4. He further contends that he never saw, and was never aware of, the subsequent February order rescinding the waiver of costs until he received Respondents' Answers on August 23, 2024. *See id.* As a result, Petitioner asserts that this is a violation of his due process rights because he was not afforded notice or an opportunity to be heard regarding the modified order. *See id.* at 5.

Petitioner acknowledges that sentencing orders may be modified within 30 days of its entry, or beyond that window to correct a mistake, in the case of fraud, or upon a showing of extraordinary circumstances. *See id.* at 6. However, Petitioner

---

[7] Summary judgment on a petition for review is similar to the relief provided by a grant of summary relief. *See* Pa.R.A.P. 1532. The Court may grant an application for summary relief if the party's right to judgment is clear as a matter of law and no material issues of fact are in dispute. *Gregory v. Pa. State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018); Pa.R.A.P. 1532(b). Further, "the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted." *Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 431 n.4 (Pa. Cmwlth. 2012), *aff'd*, 76 A.3d 536 (Pa. 2013).

In considering an application for summary relief, the record includes pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses. *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). We view the record "in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material facts against the moving party." *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019) (*en banc*).

argues that the trial court failed to provide any explanation as to why its failure to impose costs constituted a mistake, fraud, or extraordinary circumstance. *See id.* Petitioner therefore contends that the February order is invalid and that any collection of fees based on that order is unlawful. *See id.*

Respondents do not dispute that the January order waived court costs; instead, they emphasize that the February order withdrew the waiver and imposed court costs. *See* Corr. Resp't's Br. at 14; Clerk of Cts.' Br. at 6. The Correctional Respondents further contend that Petitioner cannot challenge the substance of a court order by seeking an injunction against DOC. *See* Corr. Resp't's Br. at 19 (citing *Herrschaf v. Dep't of Corr.*, 949 A.2d 976, 980 (Pa. Cmwlth. 2008) (finding that a challenge to an assessment of costs by the clerk of courts must be brought to the sentencing court)). The Clerk of Courts adds that its office is purely ministerial and lacks authority to question the validity of the sentencing order, and that the February order became final when Petitioner failed to seek reconsideration or file a direct appeal. *See* Clerk of Cts.' Br. at 7-11. Therefore, Petitioner cannot collaterally attack the order as invalid in this action. *See id.*

Respondents principally argue, however, that Petitioner's claims are barred by the applicable two-year statute of limitations for claims challenging Act 84 deductions. *See* Corr. Resp't's Br. at 20-23; Clerk of Cts.' Br. at 11-12. The Correctional Respondents identify several points at which Petitioner received notice of the deductions. *See* Corr. Resp't's Br. at 20-23. First, on June 5, 2018, Petitioner received an assessment notice identifying amounts owed under Act 84 and the CVCF. *See* Corr. Resp't's Br. at 21. On October 17, 2018, Petitioner filed a grievance, which acknowledged that funds had been deducted from his account on June 30, 2018. *See* Corr. Resp't's Br. at 21; Clerk of Cts.' Br. at 12. In response,

on October 22, 2018, DOC sent Petitioner a copy of the June 5, 2018 assessment notice and the February order. *See* Corr. Resp't's Br. at 22, Ex. G; Clerk of Cts.' Br. at 12. The Clerk of Courts additionally notes that Petitioner's defense counsel was served with the February order on March 2, 2018. *See* Clerk of Cts.' Br. at 12. The Correctional Respondents further point to the Petition filed on April 19, 2024, which affirmatively acknowledges ongoing deductions. *See* Corr. Resp't's Br. at 22. Finally, the Correctional Respondents highlight that Petitioner received monthly account statements showing that the first Act 84 deductions occurred on October 28, 2020. *See* Corr. Resp't's Br. at 22-23; Ex. K. Thus, Petitioner was on notice of Act 84 deductions on October 28, 2020, but did not file his Petition until April 19, 2024, well beyond the two-year limitations period.

Petitioner responds, addressing the statute of limitations. *See* Pet'r's Reply Br., 10/27/25. Petitioner argues that "the statute of limitations should have been tolled because he did not become aware of the existence of the [February order] until August 23, 2024, which was the cause of his injury, despite his due diligence." Pet'r's Reply Br. at 3. In conducting "due diligence," Petitioner first contacted the Clerk of Courts asking for clarification on the costs and fees owed. *See id.* Petitioner also wrote to DOC staff, requesting that the deductions cease. *See id.* Petitioner argues that the statute of limitations should have been tolled because he was not made aware of the February order despite asking for clarification with the Clerk of Courts and DOC staff. *See id.* at 3-4. In fact, Petitioner avers, Respondents' own references to documents other than the February order show that they too were unaware of its existence until after the Petition was filed. *See id.* at 5.

A statute of limitations is a procedural mechanism that establishes the time within which a party must bring a legal claim. *Rice v. Diocese of Altoona-*

8

*Johnstown*, 255 A.3d 237, 246 (Pa. 2021). Statutes of limitations "serve several purposes: imposing finality on the litigation system; providing defendants with an end to their potential liability; and avoiding litigation of disputes involving stale evidence." *Nicole B. v. Sch. Dist. of Phila.*, 237 A.3d 986, 994 (Pa. 2020). Once the limitations period expires, the claim is generally barred. *Rice*, 255 A.3d at 246-47.

The limitations period begins to run when the cause of action accrues. 42 Pa.C.S. § 5502(a). A cause of action accrues when the injury is inflicted. *Rice*, 255 A.3d at 246; *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). The length of the applicable limitations period depends on the nature of the claim. *See, e.g.*, 42 Pa.C.S. §§ 5524 (two-year limitations period for various claims, including actions against government officers for nonpayment of money); *id.* § 5525 (four-year period for contract claims).

To mitigate "the harsh result of barring otherwise legitimate claims," courts may apply equitable doctrines to pause or "toll" the limitations period. *Nicole B.*, 237 A.3d at 994. Equitable tolling is an "umbrella concept encompassing a variety of rationales." *Id.* at 995 (cleaned up). For example, tolling may apply where fraud or concealment occurs, where the injured party is unaware of the injury or its cause, or where a plaintiff timely asserts rights in the wrong forum. *See id.* at 995-96.

Nevertheless, a plaintiff must exercise reasonable diligence to remain aware of the facts underlying the right to recover and to file suit within the prescribed time. *Gleason*, 15 A.3d at 484. Reasonable diligence requires that a party show "those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Wilson v. El-Daief*, 964 A.2d 354, 363 n.6 (Pa. 2009).

In Act 84 deductions cases, the applicable limitations period is two years. *Morgalo v. Gorniak*, 134 A.3d 1139, 1149 (Pa. Cmwlth. 2016) (*en banc*); *see* 42 Pa.C.S. § 5524(6).[8]  An inmate's cause of action accrues on the date of the first Act 84 deduction.  *Morgalo*, 134 A.3d at 1149; *Bundy v. Wetzel* (Pa. Cmwlth., No. 553 M.D. 2016, filed Apr. 12, 2019), slip op. at 10-11, 2019 WL 1613026, at *5.[9]  It is also well settled that a continuing violation, *i.e.*, repeated or recurring deductions, does not toll the statute of limitations.  *Zellie v. Dep't of Corr.* (Pa. Cmwlth., No. 97 M.D. 2011, filed Mar. 1, 2012), slip op. at 7-8, 2012 WL 8666741, at *3.[10]

Here, the record demonstrates that Act 84 deductions first occurred on October 28, 2020, triggering the statute of limitations period.  Prior to that date, Petitioner was paying CVCF obligations, but was already provided with notice on June 5, 2018, that Act 84 authorized DOC to collect money from his account.  *See* Corr. Resp'ts' Br., Ex. G.  Moreover, in its October 22, 2018 response to Petitioner's October 17, 2018 grievance, DOC attached its June 5, 2018 notice of the deductions, which explains that Act 84 empowered DOC to make deductions.  *See* Corr. Resp'ts'

---

[8] Section 5524(6) sets a two-year limitations period for "action[s] against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon execution or otherwise in his possession."  42 Pa.C.S. § 5524(6).  The *Morgalo* Court reasoned that this section was most appropriate because DOC had collected funds from an inmate's account and refused to return those funds on demand, thus constituting the nondelivery of property in its possession.  134 A.3d at 1149.

[9] We may cite to unreported decisions of this Court for their persuasive value.  210 Pa. Code § 69.41(a).

[10] The *Zellie* Court considered a challenge to Act 84 deductions and relied on precedent involving analogous recurring financial injuries.  *See Casner v. Am. Fed'n of State, Cnty. & Mun. Emps.*, 658 A.2d 865, 871 (Pa. Cmwlth. 1995) (rejecting a continuing-violation theory where union members experienced repeated losses of pay and benefits).  As *Casner* explained, accepting a continuing-violation "rationale would effectively render the limitation period for any cause of action alleging loss of payment meaningless . . . ."  *Id.*; *see also Fleming v. Rockwell*, 500 A.2d 517, 519 (Pa. Cmwlth. 1985) (characterizing as "totally without merit" the argument that an ongoing constitutional violation tolled the statute of limitations, emphasizing that "[a]ccrual occurs at the time when the plaintiff could have first maintained the action to a successful conclusion").

10

Br. Ex. G.  DOC also attached the February order to this grievance.  *See id.* Therefore, the record reflects that Petitioner had ample notice that Act 84 deductions would be taken.

Using October 28, 2020, the date the Act 84 deductions began, as the accrual date, Petitioner had until October 28, 2022, to file any challenge to these deductions.  Petitioner did not file his Petition until April 19, 2024, well beyond the two-year limitations period.  Whether Petitioner actually saw the February order is immaterial.  The statute of limitations begins to run when the first Act 84 deduction occurs, and the record shows that Petitioner indisputably knew about the deductions, as evidenced by the grievances he filed.  His knowledge of the injury, not his awareness of the underlying court order, triggers accrual.  Thus, this argument does not avoid the statute of limitations, and any dispute regarding the receipt of the February order, for which there is evidence of notice, is not material.

Because Petitioner was aware of the Act 84 deductions, we discern no equitable basis to toll the limitations period.  Petitioner immediately perceived the deductions as injurious, for he filed grievances, contacted the Clerk of Courts, and was provided with several notices of the deductions.  His own filings assert that he "exhausted his administrative remedies," confirming that he understood the deductions, considered them adverse, and chose to challenge them, yet he nevertheless failed to initiate this action within the prescribed period.  We therefore reject Petitioner's suggestion that he acted with reasonable diligence.  A bald assertion that he never received the February order, which is contradicted by the record, does not justify equitable tolling.

11

## III. CONCLUSION

For these reasons, Petitioner's claim is time-barred. *See Rice*, 255 A.3d. 246-47. Therefore, we grant Respondents' cross-motions for summary judgment, deny Petitioner's motion for summary judgment, and dismiss Petitioner's Petition with prejudice.

 

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Hill, :
             Petitioner :
              :   No. 230 M.D. 2024
        v. :
              :
Christine Mayernick (Inmate Accounts); :
SCI Mahanoy Business Manager :
(Ms. Cromyak); and Clerk of Court :
Montgomery County, :
             Respondents :

# **O R D E R**

AND NOW, this 21st day of January, 2026, the motion for summary judgment filed by Clerk of Court Montgomery County on July 16, 2024, is GRANTED; the motion for summary judgment filed by Christine Mayernick (Inmate Accounts) and SCI Mahanoy Business Manager (Ms. Cromyak) on July 14, 2025, is GRANTED; the motion for summary judgment filed by Michael Hill on June 18, 2025, is DENIED, and the petition for review, filed by Michael Hill on April 19, 2024, is DISMISSED with prejudice.

**LORI A. DUMAS, Judge**